**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **IN RE: Subpoena Dated August 31, 2018 Issued to Daniel International Corporation** <br><br> THIS DOCUMENT RELATES TO: <br><br> CHEMTALL INCORPORATED, <br><br>                    Plaintiff, <br> vs. <br><br> BASF SE and BASF CORP., <br><br>                    Defendants. <br><br> Pending in the United States District Court for the Southern District of Georgia, Case No. 4:17-cv-00186-LGW-GRS | **Case No. 6:18-mc-00319-DCC** |

**DANIEL INTERNATIONAL CORPORATION'S
MOTION TO QUASH SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Daniel International Corporation ("Daniel"), a non-party, respectfully moves to quash the subpoena commanding a corporate representative to appear for deposition in Greenville, South Carolina, on September 17, 2018 ("Deposition Subpoena"). The subpoena was issued in the above-captioned civil action pending in the United States District Court for the Southern District of Georgia by Plaintiff Chemtall Incorporated ("Plaintiff" or "Chemtall").  A copy of the Deposition Subpoena is attached hereto as **Exhibit A**.

1

## I. <u>INTRODUCTION</u>

Daniel comes to this Court seeking relief from Chemtall's highly unusual, improper, and inefficient use of a Rule 45 deposition subpoena to a non-party in which Chemtall seeks testimony from Daniel that has no bearing on the claims in the underlying action and that is otherwise privileged and protected from disclosure. This situation arises from a document subpoena Daniel received from Chemtall on July 31, 2018, requesting production of voluminous and highly confidential engineering drawings, specifications, related communications and other documents from work done by Daniel for BASF in the mid-1980s. Daniel timely served written objections to the document requests. In its written objections, Daniel expressly stated that it would produce responsive documents upon entry of an adequate protective order by the District Court in Georgia ensuring the documents would be protected from improper disclosure. Daniel and its undersigned counsel heard nothing from Chemtall in response to its written objections or Daniel's offer to produce documents upon entry of a protective order. Instead, Chemtall served a *second subpoena* on September 6, 2018, requiring Daniel to produce a corporate representative to testify on a list of topics regarding Daniel's written objections to the Document Subpoena, Daniel's communications with Defendant BASF and its counsel, and whether BASF is a current customer or client of Daniel. The enumerated topics are all far afield from any matter conceivably relevant to the claims in the underlying lawsuit in Georgia which concern Chemtall's allegations that BASF wrongfully asserted patent infringement claims in a separate lawsuit pending in Texas. Unfortunately, Daniel is left to conclude that Chemtall is misusing the subpoena process to inflict maximum expense and burden on non-party Daniel in violation of Chemtall's duty under Rule 45(d)(1) to avoid imposing any such burden and expense. Daniel, therefore, respectfully submits that Chemtall's Deposition Subpoena should be quashed.

## II. BACKGROUND

Chemtall filed the underlying action in October 2017 asserting claims under Georgia state law that Defendant BASF "made a bad faith assertion of patent infringement against Plaintiff Chemtall Incorporated, a Georgia corporation, and for having engaged in obstruction of justice, fraud, and other wrongful criminal acts in support of its bad faith conduct." (Pl's. Compl., ¶ 1, S.D. Ga. ECF No. 1.) Chemtall's allegations appear to stem from alleged acts by Defendant BASF concerning a separate 2014 patent infringement suit brought by BASF in the Southern District of Texas, captioned *BASF Corp. v. SNF Holding et al.* (C.A. No. 4:14-cv-02733). Daniel is not a party to either the Georgia or Texas actions, and Daniel is not aware of any allegation in either lawsuit that it had any involvement with or knowledge of the purported wrongful conduct claimed by Chemtall against BASF.

Prior to serving the present Deposition Subpoena, Chemtall served Daniel with a subpoena to produce documents on July 31, 2018 ("Document Subpoena"). A copy of the Document Subpoena is attached hereto as **Exhibit B**. The specific requests set forth in the Document Subpoena covered numerous categories of documents relating to services provided by Daniel in the 1980s in its capacity as a construction contractor on two BASF manufacturing facility projects in Virginia, including broad requests for "[a]ll documents concerning, relating, or referring to services performed by Daniel" on the projects and "[e]ngineering specifications, drawings, and other documents" relating to the design and construction of the projects. Because the requests contained in the Document Subpoena were overbroad, unduly burdensome, and requested documents that contain highly confidential commercial information that must be protected from disclosure, Daniel served detailed written objections to the Document Subpoena

3

in accordance with Federal Rule of Civil Procedure 45(d)(2)(B).  A copy of Daniel's written objections to the Document Subpoena are attached hereto as **Exhibit C.**

As stated in Daniel's written objections, Daniel is willing to produce or make available for inspection documents responsive to any reasonable request contained in the Document Subpoena upon the entry of an appropriate protective order in the Georgia action that ensures the documents and the information contained therein will be used solely for purposes of that case and will not be disclosed or used for any other reason.[1]  Undersigned counsel is informed that Chemtall and BASF have been unable to agree on a proposed protective order for the District Court in Georgia to enter and have submitted competing motions for entry of their respective proposed protective orders.  According to the Southern District of Georgia's case docket, these motions were scheduled to be heard on September 12, 2018; however, that hearing has been continued until further notice following the recent reassignment of the case to a different Magistrate Judge (S.D. Ga. ECF Minute Entry, 9/6/2018).

After Daniel served its written objections to Chemtall's Document Subpoena, undersigned counsel for Daniel received no response regarding Daniel's offer to produce documents upon the entry of an adequate protective order or any other communication from Chemtall or its attorneys.  Instead, several weeks later, Chemtall served Daniel with the Deposition Subpoena commanding it to produce a corporate representative for deposition on September 17, 2018, in Greenville, South Carolina.  The Deposition Subpoena sets out six "Topics for Examination."  These topics appear to be unrelated to the claims asserted by

---

[1] Daniel previously responded to a nearly identical document subpoena in the Texas infringement action, producing for inspection the requested documents after entry of a protective order by the District Court in Texas.  Daniel designated the documents as containing "Highly Confidential Information," a designation that neither Chemtall, nor any other party in the Texas action, sought to challenge.

Chemtall in the underlying action. Chemtall seeks deposition testimony regarding recent communications between Daniel and BASF and its counsel, the factual basis for objections asserted by Daniel to the Document Subpoena, and whether BASF is a current client or customer of Daniel. As discussed below, Daniel submits that Chemtall's Deposition Subpoena is an improper use of the Rule 45 subpoena procedure and should be quashed.

### III. ARGUMENT

**A.     Chemtall's Deposition Subpoena should be quashed because it seeks testimony from Daniel that is wholly irrelevant to the claims in this action and imposes an undue burden on Daniel.**

Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure provides that the court must, on timely motion, quash a subpoena that "subjects a person to undue burden." "A subpoena that seeks information irrelevant to the case is a *per se* undue burden." *McCollum v. Jacoby Trucking & Delivery, LLC*, No. 8:17-CV-01244-DCC, 2017 WL 7660715, at *1 (D.S.C. Dec. 21, 2017); *see also*; *HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). A subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome. *Cook v. Howard*, 484 Fed. Appx. 805, 812 n.7 (4th Cir. 2012). Otherwise, "undue burden" requires the district court to balance the interests served by demanding compliance against the interests furthered by quashing the subpoena. 9A Wright & Miller, *Federal Practice and Procedure* § 2463.1 (3d ed.). "The key factors to the court's inquiry are the relevance of the information requested, the need of the party for the testimony, and whether it is available from another source." *McCollum*, 2017 WL 7660715 at *1.

None of the topics listed in Chemtall's Deposition Subpoena seek any information relevant to Chemtall's claims against BASF for wrongful assertion of patent infringement claims:

5

- **Topic Nos. 1 and 2** seek testimony regarding "[a]ll communications between Daniel and BASF that refer to or relate to the Chemtall Action" (Topic 2) and, more specifically, "[a]ll communications between Daniel and Reed Smith [BASF's counsel] that refer to or relate to the Chemtall Action, including all drafts of the Declaration of W. David Conner dated June 7, 2018 . . ." (Topic 1). Daniel submits that any communications regarding the Chemtall Action—which would concern only communications that occurred after the Georgia action was filed in October 2017—could have no bearing on the claims asserted by Chemtall against BASF for wrongful assertion of patent infringement related to alleged actions by BASF in 2014 or earlier. Moreover, there is no allegation that Daniel had any involvement with or knowledge of the alleged wrongful acts of BASF in 2014 or at any other time.

With regard to Chemtall's specific request for testimony regarding communications between Daniel and BASF concerning the "Conner Declaration," those communications are also irrelevant to the claims in the underlying action. Undersigned counsel for Daniel, W. David Conner, executed the "Conner Declaration" referred to in Topic 1 in order to explain Daniel's position that it could not produce highly sensitive and confidential business information requested by the parties until an adequate protective order was entered ensuring the information would not be improperly disclosed. A copy of the Declaration is attached hereto as **Exhibit D**. As outlined in the Declaration, Mr. Conner had been informed by counsel for BASF that documents produced in the Texas infringement action which Daniel had marked "highly confidential" pursuant to the Protective Order entered by the court in that case were disclosed—*without Daniel's knowledge or permission*—by Chemtall to its third-party expert witnesses in the Georgia

action. Mr. Conner's Declaration was filed by BASF in the Georgia action in support of BASF's Motion for Protective Order (S.D. Ga. ECF No. 102). This Declaration speaks for itself and neither the Declaration nor Daniel's purported communications with BASF's counsel concerning the Declaration have any bearing on the claims and issues in the underlying action.

- **Topic Nos. 3, 4, and 5** seek testimony from Daniel regarding its "investigation" into and "factual basis" for Daniel's written objections to Chemtall's Document Subpoena and "whether BASF could rightly refuse to make discovery in the Chemtall Action" of certain documents. Daniel's written objections to the Document Subpoena and the specific grounds for its objections are clearly stated in the document that was served on Chemtall on August 13, 2018 in accordance with Rule 45(d)(2) (*see* Exhibit C). Daniel's objections have no bearing on Chemtall's claims against BASF for wrongful assertion of patent infringement. Moreover, in the 31 days that have passed since Daniel served its written objections on August 13, 2018, counsel for Chemtall has not communicated with Daniel or its counsel in any way to discuss Daniel's objections to the Document Subpoena or otherwise attempt to resolve or address Daniel's concerns about the scope of Chemtall's document requests or the production of highly sensitive documents upon entry of an adequate protective order.

- **Topic No. 6** seeks testimony from Daniel regarding "[w]hether BASF is a client or customer of Daniel and, if so, the amount and nature of any services rendered by Daniel to BASF at any time or from time to time since January 1, 2014." Again, there is no allegation and no basis for any allegation that Daniel had any involvement with or knowledge of BASF's alleged actions regarding its assertion of a patent infringement

7

claim against Chemtall. Therefore, whether any client or customer relationship existed between Daniel and BASF since January 1, 2014 is wholly irrelevant to the claims in the underlying suit. However, no such relationship between Daniel and BASF could exist because Daniel has not conducted any operations as a construction and maintenance services firm since 1989.

Because the Chemtall Deposition Subpoena seeks testimony from Daniel that is irrelevant to the claims in the underlying action, Daniel should not be subjected to the excessive burden and expense of producing a corporate representative to appear and testify.

**B.     The information requested in Chemtall's Deposition Subpoena is irrelevant for the additional reason that the deadline for Chemtall to move to compel Daniel to produce documents in response to the Document Subpoena has expired.**

Chemtall's attempt to use the Deposition Subpoena as a means to obtain information from Daniel regarding the basis for Daniel's objections to Chemtall's Document Subpoena and Daniel's recent communications with BASF concerning the production of documents is improper and irrelevant for the additional reason that the time period for Chemtall to seek enforcement of the Document Subpoena has expired. Local Civil Rule 37.01(A) (D.S.C.) provides that:

> Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due.

Daniel served its written objections on August 13, 2018. Chemtall has filed no motion to compel, nor has it contacted or attempted to communicate with Daniel regarding the written objections. Because the deadline for Chemtall's motion to compel has passed, the deposition testimony Chemtall seeks regarding Daniel's objections and any recent communications with BASF or BASF's counsel is irrelevant. S*ee, e.g., Purolite Corp. v. Avantech, Inc.*, No. 3:17-CV-00692-JMC, 2017 WL 2805215, at \*3 (D.S.C. June 29, 2017) (denying motion to compel answer

8

to subpoena on the grounds the motion was filed more than 21 days after the subpoenaed non-party served its written objections).

**C.     Chemtall's Deposition Subpoena must be quashed to the extent it seeks testimony concerning privileged attorney-client communications or protected work product of Daniel's counsel.**

The Court must quash the Deposition Subpoena to the extent it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Chemtall's requests for deposition testimony concerning Daniel's "investigation" into and "factual basis" for objections to document requests in this action set out in Topic Nos. 3, 4, and 5 necessarily implicate privileged communications between Daniel and its counsel and the mental impressions, conclusions, opinions, or legal theories of Daniel's counsel which are protected by the attorney work product doctrine. *See Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). Therefore, Daniel requests that the Deposition Subpoena be quashed to the extent it requires Daniel to disclose privileged communications or protected work product of its attorneys.

**D.     Daniel reserves its right to request an award of sanctions against Chemtall pursuant to Rule 45(d)(1).**

Rule 45(d)(1) requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and further requires that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Chemtall's use of the subpoena process to require Daniel to undertake the burden and expense of producing a witness to testify regarding irrelevant and improper topics concerning document production issues—all of which could be easily avoided by the entry of a protective order as

9

suggested by Daniel—is directly contrary to the requirements of Rule 45(d)(1). Daniel, therefore, reserves its right to request that the Court award Daniel the reasonable attorney's fees and other expenses it has incurred in responding to Chemtall's Deposition Subpoena.

## IV.  **CONCLUSION**

For the reasons stated above, Daniel respectfully moves this Court for an order quashing the Deposition Subpoena served by Chemtall. Undersigned counsel for Daniel certifies that, in light of the short time provided for Daniel to respond to the Deposition Subpoena and Chemtall's failure to respond to and communicate with Daniel regarding its previously served written objections and Daniel's suggestion that responsive documents and information would be produced upon entry of an adequate protective order, further attempts to consult with counsel for Chemtall prior to filing this Motion would be impractical and serve no useful purpose.

                Respectfully submitted,

                By: /s/ W. David Conner
                Moffatt G. McDonald  (Fed. I.D. No.: 2805)
                E-mail:mmcdonald@hsblawfirm.com
                W. David Conner (Fed. I.D. No. 5986)
                E-mail:dconner@hsblawfirm.com
                Scott E. Frick (Fed. I.D. No. 09417)
                E-mail: sfrick@hsblawfirm.com
                **HAYNSWORTH SINKLER BOYD, P.A.**
                Post Office Box 2048
                Greenville, SC 29602
                (864) 240-3200 – phone
                (864) 240-3300 – fax

                *Attorneys for Daniel International Corporation*

September 13, 2018
Greenville, South Carolina

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM-ECF system.  Notification of such filing was given to the following by the CM-ECF system to those registered to receive a Notice of Electronic Filing for this case:

Richard M. Koehl
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

By:     /s/ W. David Conner